-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GEORGE MERCIER,

        Plaintiff,

    -v-

WILLIAM W. MOEHLE,

        Defendant.

DECISION AND ORDER
06-CV-6161CJS(P)

---

Plaintiff George Mercier has filed this *pro se* action (Docket No. 1) and has requested permission to proceed *in forma pauperis* (Docket No. 2). For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff has met the requirements of 28 U.S.C. § 1915, permission to proceed in forma pauperis is granted. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief; *and see Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915[e] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327.

Plaintiff previously filed a number of cases that were dismissed for failure to state a claim and/or dismissed as "frivolous" – *Mercier v. Roberts*, Civil Action No. 05-CV-6604CJS,

*Mercier v. The Republic of France, et al.*, Civil Action No. 05-CV-6088CJS, and *Mercier v. The State of New York, et al.*, Civil Action No. 04-CV-6013CJS. Finally, in *Mercier v. The United States Attorney General, et al.*, Civil Action No. 06-CV-6018CJS(P), the Court dismissed the action and warned plaintiff that unless he demonstrated why his litigation was not "frivolous", in violation of Rule 11 of the Federal Rules of Civil Procedure, the Court would impose a restriction on plaintiff's future filings. *See* Fed. R. Civ. Pro. 11(c)(1)(B); *and see Perpetual Securities, Inc. v. Tang*, 290 F.3d 132, 141 n.2 (2d Cir. 2002). Plaintiff never responded to the final order in that action.

Here, plaintiff continues to allege that he is the victim of a "conspiracy" by the Police Department in the Town of Brighton, New York. Once again, the complaint is composed of the type of "fantastic," "delusional" and "incredible" allegations that warrant dismissal as factually frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 327). While the usual practice is to allow leave to replead a deficient complaint, *see* Fed.R.Civ.P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), especially where a complaint has been submitted *pro se*, *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994), such leave may be denied where amendment would be futile. Here, plaintiff cannot cure the flaws in the pleading through amendment, accordingly, the action is dismissed with prejudice.

Additionally, in light of plaintiff's lack of response to the Court's March 22, 2206 Order in Civil Action No. 06-CV-6018CJS, and his continued filing of frivolous actions, the Court will impose the following sanction: that any additional actions filed by plaintiff in this Court will be subject to review and summary dismissal pursuant to this Order. Any future complaints may not be served without obtaining the prior approval of the Court.

2

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed with prejudice;

FURTHER, that plaintiff's future filings are subject to the following sanction: any additional actions filed by plaintiff in this Court will be subject to preliminary review and summary dismissal, where appropriate, pursuant to this Order ;

FURTHER, that the Clerk of the Court is directed to submit any further actions filed by George Mercier to the Pro Se Office for a determination as to whether the allegations in fact are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law, and a recommendation to the Court whether the filed documents are sufficient to proceed in this Court; and

FURTHER, that the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   MAY 11 , 2006
Rochester, New York

*Charles J. Siragusa*
CHARLES J. SIRAGUSA
United States District Judge

3